**STATE OF MICHIGAN**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

Trustees of the Upper Peninsula Plumbers & Pipefitters Pension Fund;

        Plaintiff,

vs.

Nichole Miller, personal representative, on behalf of the Estate of Barbara L. Sovey,

        Defendant.

Case No. 23-750
Hon.

---

NOVARA TESIJA & CATENACCI
  McDONALD & BAAS, PLLC
Edward J. Pasternak (P58766)
Bryan M. Beckerman (P51925)
Jack Sklarski (P80985)
Attorneys for Plaintiffs
888 W. Big Beaver, Suite 600
Troy, MI 48084
(248) 354-0380
ejp@novaralaw.com
bmb@novaralaw.com
jts@novaralaw.com

---

**COMPLAINT**

      NOW COMES Plaintiff, by and through its attorneys, NOVARA TESIJA CATENACCI McDONALD & BAAS, PLLC, and for its Complaint, states as follows:

**JURISDICTION AND VENUE**

1. The Trustees of the Upper Peninsula Plumbers & Pipefitters Pension Fund (hereinafter "Pension Fund" and/or "Plaintiff") bring this action for monetary and equitable relief

pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. Section 1132(a)(3).

2. The Honorable Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA Sections 502(e) and (f), 29 U.S.C. Sections 1132(e) and (f).

3. This Honorable Court also has supplemental jurisdiction of any state-law claims that may be deemed ancillary to the relief sought herein.

4. Venue lies in the Western District of Michigan pursuant to ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2) because Plaintiff is administered in this District, the breaches allegedly took place in this District and Defendant may be found in this District.

## PARTIES

5. Plaintiff is a jointly-trusteed, ERISA Fund established and sponsored by the Plumbers & Pipefitters Local Union No. 111 (hereinafter "Local 111") and the applicable Employer Association(s) (hereinafter "Association(s)") who employ plumbers and pipefitters pursuant to collective bargaining agreements ("CBAs").

6. Defendant Nichole Miller ("Miller" and/or "Defendant"), on behalf of the Estate of Barbara L. Sovey ("Estate"), whose address is 9546 Bay Shore Drive, Gladstone, Michigan 49837, is a personal representative of a spouse's estate affiliated with deceased participant James F. Sovey, said Estate being probated in the Delta County Probate Court, Case No. 22-DE-23041.

## COUNT I
## RECOUPMENT OF ERISA BENEFITS

7. Plaintiff hereby incorporates and reasserts the allegations of Paragraphs 1 through 6 herein by reference.

8. ERISA Section 502(a)(3), 29 U.S.C. Section 1132(a)(3) permits a plan to bring a civil action to recover benefits due to it under the terms of a plan and to enforce its rights under the terms of the plan.

9. Plaintiff Fund was established to provide pension benefits to eligible participants if said participants meet his/her eligibility requirements affiliated with Plaintiff.

10. Deceased participant James F. Sovey received pension benefits pursuant to Plaintiff's Plan records, and as provided for pursuant to documentation initially filed by Decedent James F. Sovey with Plaintiff in order to obtain said benefits.

11. Pursuant to said documentation filed with Plaintiff, deceased participant James F. Sovey was to receive pension benefits payable in equal monthly installments throughout the remainder of his lifetime and thus, said benefits were to be terminated upon his death, being upon information, knowledge and belief, October 21, 2021.

12. Notwithstanding the death of deceased participant James F. Sovey, his spouse, Barbara L. Sovey, improperly received monthly pension benefits for ten months after his death, totaling $42,026.14.

13. If it is determined that any benefit under the Plan should not have been paid for any reason to a participant and/or his spouse, the participant and/or his spouse, which in this case is decedent Barbara L. Sovey, now represented through the personal representative of her estate, being Defendant Nichole Miller, is required and/or obligated to return the relevant monies owed to Plaintiff.

14. Despite a demand by Plaintiff, Defendant has failed and/or refused to return the improperly paid $42,026.14 in benefits back to Plaintiff.

WHEREFORE, Plaintiff asks for entry of a Judgment and order awarding all amounts owing by Defendant, being $42,026.14, together with any additional recovery as may be warranted under the circumstances, including costs, interest and attorney fees so wrongfully sustained.

## COUNT II
## UNJUST ENRICHMENT

15. Plaintiff hereby incorporates by reference all preceding paragraphs 1 through 14 as if fully restated herein.

16. Decedent Barbara L. Sovey, based upon her actions and/or inactions while living, improperly received pension benefits from Plaintiff.

17. Based upon these actions and/or inactions, Decedent Barbara L. Sovey, and in turn, her Estate, which is currently represented through personal representative Nichole Miller, received the value of the $42,026.14 in benefits rendered by Plaintiff.

18. Decedent Barbara L. Sovey and thus, Defendant, as representative for the Estate, benefited from Plaintiff's pension payments and thus, Defendant through the Estate, has improperly received and/or obtained monies and/or assets from Plaintiff.

19. Decedent Barbara L. Sovey and thus, Defendant as personal representative of the Estate, knew or should have known of their obligation to repay the benefits back to Plaintiff after improperly receiving said benefits.

20. Defendant, in her capacity as personal representative, has neither returned, nor reimbursed Plaintiff, Plaintiff's monies and/or assets improperly obtained.

21. Defendant, on behalf of the Estate of Barbara L. Sovey, has been unjustly enriched to the extent that the Estate has improperly obtained benefits from Plaintiff, through the actions

of Decedent Barbara L. Sovey, in the amount of $42,026.14 and has not repaid Plaintiff for same.

22. Plaintiff will be harmed if Defendant does not repay to Plaintiff the monies and/or assets improperly obtained by Defendant, on behalf of the Estate.

23. In addition to the above cited harm, Plaintiff was damaged as noted in all Counts as alleged within this Complaint.

24. As a result of the damages suffered by Plaintiff due to the actions of Defendant cited throughout this Complaint, Defendant has been unjustly enriched.

WHEREFORE, Plaintiff asks for entry of a Judgment and order awarding all amounts owing by Defendant, being $42,026.14, together with any additional recovery as may be warranted under the circumstances, including costs, interest and attorney fees so wrongfully sustained.

## COUNT III
## FRAUDULENT MISREPRESENTATION

25. Plaintiff hereby incorporates by reference all preceding paragraphs 1 through 24 as if fully restated herein.

26. Plaintiff's payment of a pension benefit to Decedent James F. Sovey and Decedent Barbara L. Sovey was dependent upon the Fund's Plan documentation and administration as well as the representations/actions/inactions of Decedents.

27. At the time of the continued pension benefits, Decedent Barbara L. Sovey intentionally made false representations of material facts to Plaintiff regarding her deceased husband's living status, including, but not limited to, deliberately failing to report his death.

28. Decedent Barbara L. Sovey's representations were false when they were made.

29. Decedent Barbara L. Sovey knew that her representations were false when they were made or made them recklessly, without knowing whether they were true.

30. Decedent Barbara L. Sovey intended that Plaintiff rely on those representations.

31. Plaintiff relied on Decedent Barbara L. Sovey's false representations in allowing her to continue to receive her deceased husband's pension benefits when they should have been previously terminated.

32. As a result of Decedent Barbara L. Sovey's fraudulent misrepresentations, Plaintiff has suffered an economic loss of $42,026.14.

33. As Defendant is the personal representative of said Estate of Barbara L. Sovey and is responsible for the payment of said proper claim arising hereunder, she, on behalf of the Estate of Barbara L. Sovey, owes Plaintiff $42,026.14.

WHEREFORE, Plaintiff asks for entry of a Judgment and order awarding all amounts owing by Defendant, being $42,026.14, together with any additional recovery as may be warranted under the circumstances, including costs, interest and attorney fees so wrongfully sustained.

## COUNT IV
## INNOCENT MISREPRESENTATION

34. Plaintiff hereby incorporates by reference all preceding paragraphs 1 through 33 as if fully restated herein.

35. Decedent Barbara L. Sovey's representations, as set forth in the preceding paragraphs, were made in connection with Plaintiff's payment of pension benefits.

36. Plaintiff would not have provided and/or continued the pension benefits if Decedent Barbara L. Sovey had not made or failed to make the applicable representations.

37. Plaintiff suffered a loss as a result of providing the Fund pension benefits to Decedent Barbara L. Sovey based upon Decedent Barbara L. Sovey's representations and/or failure to make proper representations.

38. As Defendant is the personal representative of said Estate of Barbara L. Sovey and is responsible for the payment of said proper claim arising hereunder, she, on behalf of the Estate of Barbara L. Sovey, owes Plaintiff $42,026.14.

WHEREFORE, Plaintiff asks for entry of a Judgment and order awarding all amounts owing by Defendant, being $42,026.14, together with any additional recovery as may be warranted under the circumstances, including costs, interest and attorney fees so wrongfully sustained.

## COUNT V
## SILENT FRAUD

39. Plaintiff hereby incorporates by reference all preceding paragraphs 1 through 38 as if fully restated herein.

40. As her husband, Decedent James F. Sovey, was a participant of Plaintiff Fund, Decedent Barbara L. Sovey owed a duty to Plaintiff to properly disclose information regarding her husband's death.

41. Decedent Barbara L. Sovey breached that duty by failing to notify Plaintiff of her husband's death and also through her continued receipt of improperly obtained pension monies.

42. As a result of these breaches, Plaintiff has been damaged.

43. As Defendant is the personal representative of said Estate of Barbara L. Sovey and is responsible for the payment of said proper claim arising hereunder, she, on behalf of the Estate of Barbara L. Sovey, owes Plaintiff $42,026.14.

WHEREFORE, Plaintiff asks for entry of a Judgment and order awarding all amounts owing by Defendant, being $42,026.14, together with any additional recovery as may be warranted under the circumstances, including costs, interest and attorney fees so wrongfully sustained.

                                                Respectfully submitted,

                                                NOVARA TESIJA CATENACCI
                                                MCDONALD & BAAS, P.L.L.C.

                                      By: */s/ Edward J. Pasternak*
                                                Edward J. Pasternak (P58766)
                                                Bryan M. Beckerman (P51925)
                                                Jack Sklarski (P80985)
                                                888 W. Big Beaver Rd.; Ste. 600
                                                Troy, MI 48084
                                                ejp@novaralaw.com
                                                bmb@novaralaw.com
Dated: June 13, 2023                        jts@novaralaw.com